J-S45006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| OTIS V. CAMPBELL | : | |
| | : | |
| Appellant | : | No. 2912 EDA 2015 |

Appeal from the Judgment of Sentence June 22, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010495-2011

BEFORE:   GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                       **FILED JULY 20, 2017**

Appellant, Otis V. Campbell, appeals *pro se* from the judgment of

sentence entered in the Philadelphia County Court of Common Pleas,

following his bench trial convictions for possession of a controlled substance,

possession of a controlled substance with the intent to deliver ("PWID"), and

possession of a small amount of marijuana.[1]  We dismiss the appeal as

untimely.

The relevant facts and procedural history of this case are as follows.

On August 25, 2011, two SEPTA police officers observed Appellant smoking

on the platform of Logan Station on the Broad Street line.  The officers

_____

[1] 35 P.S. § 780-113(a)(16), (30), (31).

_____

*Retired Senior Judge assigned to the Superior Court.

approached Appellant because smoking is not permitted on the platform. Officer Lombardo detected an odor of marijuana and noted Appellant's right hand was cupped. The officer asked Appellant to reveal the item in his hand; Appellant revealed a brown cigarette, which the officer believed was marijuana. Officer Shultz performed a search incident to arrest and recovered a prescription pill bottle containing Xanax and Endocet, and wax papers and baggies containing cocaine and heroin. At the police station, police recovered additional packets of heroin and marijuana in Appellant's clothing and wallet.

On April 11, 2012, the court convicted Appellant of PWID, possession of a controlled substance, and possession of a small amount of marijuana. Appellant proceeded to a sentencing hearing on June 20, 2012, but he left the hearing without permission. The court issued a bench warrant and sentenced Appellant *in absentia* on June 22, 2012, to an aggregate term of four to eight years' imprisonment plus four years' probation. On November 7, 2013, the court lifted the bench warrant after police apprehended Appellant. Appellant appeared before the court and the court informed Appellant of his sentence. Appellant did not pursue direct review at that time.

On November 20, 2013, Appellant filed *pro se* his first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed a motion to withdraw and no-merit letter

pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, on October 16, 2014. On November 17, 2014, the court granted counsel's request to withdraw and denied PCRA relief. On May 26, 2015, Appellant filed his second PCRA petition *pro se*. The court dismissed the petition as untimely on August 11, 2015.

On September 9, 2015, Appellant filed a *pro se* notice of appeal from his judgment of sentence entered June 22, 2012. Appellant attached a copy of his sentencing order to the notice of appeal. On October 20, 2015, this Court issued a rule to show cause why the appeal should not be dismissed as untimely. Appellant responded on October 29, 2015. Appellant did not explain why his appeal should be considered timely but cited Pa.R.A.P. 313, Pa.R.A.P. 341, and Article V, § 9 of the Pennsylvania Constitution.

On December 23, 2015, Appellant filed a "motion to dismiss" in this Court, challenging the validity of the search in this case. This Court denied the motion on January 19, 2016, without prejudice for Appellant to raise his claims in his appellate brief. On May 5, 2016, this Court discharged the rule for the issue to be decided by the merits panel. On September 22, 2016, following Appellant's request to proceed *pro se*, the court held a hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998) (holding court must determine on record that indigent defendant wants to

proceed *pro se*, to ensure waiver of counsel is knowing, intelligent and voluntary). The trial court granted Appellant's request on October 20, 2016.

As a preliminary matter, we must address the timeliness of Appellant's appeal. Pennsylvania Rule of Appellate Procedure 903 provides:

> **Rule 903. Time for Appeal**
>
> **(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. ***Commonwealth v. Valentine***, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. ***Id.*** This Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

Additionally, this Court has explained the impact of a defendant's fugitive status on his appellate rights:

> Guaranteed by article 5, section 9 of the Pennsylvania

Constitution, the constitutional right to appeal is a personal right which may be relinquished only through a knowing, voluntary and intelligent waiver. However, …a defendant who is a fugitive from justice during the appellate process may forfeit the right to appellate review.

Our Supreme Court has recognized that the right to appeal is conditioned upon compliance with the procedures established by the Pennsylvania Supreme Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision. …

\* \* \*

… In **Commonwealth v. Deemer**, 550 Pa. 290, 705 A.2d 827 (1997), the Supreme Court set forth the following analysis to be employed by Pennsylvania courts in determining a fugitive's appeal rights:

If the defendant became a fugitive between post-[sentence] motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. **In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return; if time for filing has elapsed, he may not file; if it has not, he may.**

**Id.** at [296, 705 A.2d at 829] (emphasis added). …

On direct appeal, therefore, a defendant's status during the 30-day appeal period controls whether an appellate court will hear his appeal. …

**Commonwealth v. Doty**, 997 A.2d 1184, 1186-88 (Pa.Super. 2010)

(holding appellant forfeited right to direct appellate review where he was fugitive throughout 30-day appeal period; appellant's challenge to legality of his sentence, while not waivable, was forfeited through his fugitive status during time to file direct appeal; fact that appellant's counsel filed notice of appeal on appellant's behalf during 30-day appeal period did not preserve appellant's appeal rights because he failed to return to court's jurisdiction before expiration of appeal period) (internal citations, quotation marks, and footnote omitted).

Instantly, Appellant initially proceeded to a sentencing hearing on June 20, 2012, but he left the hearing without permission. The court issued a bench warrant and sentenced Appellant *in absentia* on June 22, 2012, to an aggregate term of four to eight years' imprisonment plus four years' probation. On November 7, 2013, the court lifted the bench warrant after police apprehended Appellant. Appellant appeared before the court, and the court informed Appellant of his sentence.

Appellant filed the current notice of appeal on September 9, 2015, challenging his judgment of sentence more than three years after sentencing.[2] Thus, Appellant's notice of appeal is grossly untimely. **See**

_____

[2] Nothing in the record suggests Appellant is attempting to appeal the denial of his second PCRA petition. In any event, Appellant's second PCRA petition was untimely with no exceptions to the PCRA time-bar pled or proven. **See** 42 Pa.C.S.A. § 9545(b) (providing PCRA timeliness requirements and narrow exceptions to time-bar).

Pa.R.A.P. 903(a). The record contains no extraordinary circumstances such as a breakdown in the operations of the court to excuse the untimely filing. *See Braykovich, supra.* Likewise, Pennsylvania Rules of Appellate Procedure 313 and 341, cited in Appellant's response to this Court's rule to show cause, provide no excuse for Appellant's belated filing. *See* Pa.R.A.P. 313 (discussing collateral orders); Pa.R.A.P. 341 (discussing final orders). Appellant's reliance on Article V, Section 9 of the Pennsylvania Constitution is similarly misplaced, as that constitutional provision provides the right of appeal but does not enlarge the time for filing an appeal. *See* Pa. Const. Art. V, § 9 (stating there shall be right of appeal in all cases from court of record to appellate court). Moreover, Appellant forfeited his right to direct appeal when he absconded during the thirty-day appeal period, and did not return to the court's jurisdiction until after the appeal period had elapsed. *See Deemer, supra*; *Doty, supra*. Appellant's failure to file his notice of appeal in a timely manner divested this Court of jurisdiction to review it. In any event, Appellant forfeited his right to a direct appeal from his judgment of sentence because he was a fugitive during the full thirty-day appeal period. *See id.*; *Patterson, supra*. Accordingly, we dismiss this appeal as untimely.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017